IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON CHASE-KEYES,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 25-CV-5989 |
| MATT EVANS, *et al.*,<br>    Defendants. | :<br>:<br>: |

MEMORANDUM

**BEETLESTONE, C.J.**                                                                 **DECEMBER 17, 2025**

    Aaron Chase-Keyes filed this *pro se* civil action against Defendants Matt Evans, Sophia Evans, Athena Evans, and Taylor Evans.  Chase-Keyes also seeks leave to proceed *in forma pauperis*.  For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed.

**I.    FACTUAL ALLEGATIONS**[1]

    Chase-Keyes alleges state law claims against Defendants and asserts that "[j]urisdiction is proper under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and involves parties who reside in the same state." (Compl. at 1.)  Specifically, Chase-Keyes asserts that he and each of the defendants reside in Pennsylvania.  (*Id.*)  The gravamen of Chase-Keyes's Complaint is that Defendants allegedly "installed and directed a surveillance camera into [his] backyard, violating [his] reasonable expectation of privacy." (*Id.*)  He further alleges that Defendants "engaged in a pattern of coordinated stalking and harassment causing [him] severe

---

[1] The factual allegations are taken from Chase-Keyes's Complaint ("Compl."), which consists of three typewritten pages.  (ECF No. 1.)  He also attached two exhibits to his Complaint.  (ECF No. 1-1.)  The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system.

emotional distress." (*Id*.) He brings claims for invasion of privacy, harassment, stalking, and common law nuisance and seeks money damages and legal fees and costs. (*Id*. at 2.)

## II. STANDARD OF REVIEW

The Court grants Chase-Keyes leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

## III. DISCUSSION

Chase-Keyes asserts his claims pursuant to the Court's diversity jurisdiction. (Compl. at 1.) District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln,* 800

F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

In his Complaint, Chase-Keyes alleges "[j]urisdiction is proper under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and involves parties who reside in the same state." (Compl. at 1.)  Chase-Keyes further indicates that both he and Defendants are citizens of Pennsylvania.  (*Id*.)  Based on his own allegations, the parties are not diverse for purposes of establishing the Court's jurisdiction over the state law claims he intends to pursue.  Since the jurisdictional requirements are not satisfied, this Court lacks the ability to hear this case.  Accordingly, the Court will dismiss this case for lack of jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Chase-Keyes leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction.  The Court concludes that amendment would be futile under the circumstances of this case, but notes that this dismissal is without prejudice to Chase-Keyes filing his claims in the proper state court, where federal jurisdiction will not be an issue.[2]

An Order follows, which dismisses this case.

BY THE COURT:

S/ WENDY BEETLESTONE

_____

**WENDY BEETLESTONE, C. J.**

---

[2] The Court expresses no opinion on the merits of Chase-Keyes claims.